IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARRYL DIAZ,**<br><br>Petitioner,<br><br>v.<br><br>**JEFFERY BEARD,**<br><br>Respondent. | Case No. 1:15-cv-00898 LJO MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS SHOULD BE GRANTED**<br><br>**[Doc. 2]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has declined Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF No. 6.)

On June 15, 2015, Petitioner filed a motion to stay the proceedings while he attempts to exhaust his state court remedies.. (Mot. to Stay, ECF No. 2.)

I.  **LEGAL STANDARD**

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard

1

v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

While a Petitioner is seeking to exhaust his state court remedies, a court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

**II.    ANALYSIS**

Petitioner states in the motion that he filed a petition for writ of habeas corpus with the California Supreme Court in the last week of May, 2015, and is awaiting a response. However, according to the California Supreme Court website, it appears that the petition was denied on August 19, 2015.

It is possible that Petitioner's state claims are exhausted and the motion to stay the present petition is moot. Accordingly, Petitioner is ordered to show cause why the motion to stay should be granted in light of the ruling on his state court petition for writ of habeas corpus. The response should include relevant copies of the state court petitions and the order denying the petition filed with the California Supreme Court.

**III.   CONCLUSION AND ORDER**

Accordingly, it is ORDERED that Petitioner is to show cause why his motion to stay the petition (ECF No. 2) should not be denied as moot. Petitioner must file a response to this order to show cause, including the relevant state court petitions and orders thereon within thirty (30) days of the date of issuance of this order.

Petitioner is forewarned that failure to comply with this Order may result the dismissal of the petition. See Local Rule 110.

IT IS SO ORDERED.

Dated:   September 16, 2015          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE